UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| PATRICK RHODES, individually and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> EVANSVILLE ASSET CARE and ZACHARY ALAN SCHMITZ, <br><br> Defendants. | Cause No. 3:22-cv-132 |

## COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

Plaintiff Patrick Rhodes ("Rhodes"), individually and on behalf of all others similarly situated, by and through his attorneys Macey Swanson Hicks & Sauer, hereby brings this Collective Action Complaint against Defendants Evansville Asset Care and Zachary Alan Schmitz ("Schmitz"), and states as follows:

### INTRODUCTION

1. This is a collective action brought pursuant to 29 U.S.C. § 216(b) by Plaintiff Rhodes individually and on behalf of all similarly situated persons employed by Defendants Evansville Asset Care and Schmitz, arising from Defendants' willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq.

2. Evansville Asset Care is a company based in Evansville, Indiana that provides services such as parking lot cleaning, eviction clean outs, and maintenance repairs.

3. At all relevant times, Evansville Asset Care has served as an employer of Rhodes and the members of the putative collective.

1

4. At all relevant times, Schmitz has also served as an employer of Rhodes and the members of the putative collective within the meaning of the FLSA.

5. Rhodes and the members of the putative collective are or were employed by Evansville Asset Care and Schmitz as hourly-paid, non-exempt employees and were responsible for parking lot cleaning, eviction clean outs, and maintenance repairs.

6. Evansville Asset Care and Schmitz failed to pay Rhodes and other hourly paid, non-exempt employees at a rate of not less than one and one-half (1.5) times their regular rates of pay for hours they worked in excess of forty (40) hours in a workweek.

7. Rhodes seeks unpaid overtime wages and liquidated damages pursuant to the FLSA on behalf of himself and the proposed "FLSA Collective," defined as: All current and former non-exempt, hourly-paid employees who worked for Evansville Asset Care in the United States at any time within the three years preceding the commencement of this action and the date of judgment. See 29 U.S.C. §§ 207(a)(1); 216(b).

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction over Rhodes's FLSA claim pursuant to 28 U.S.C. § 1331 because Rhodes's claim raises a federal question under 29 U.S.C. §§ 201, et seq.

9. The Court has personal jurisdiction over Defendants because they have systematic and continuous contacts with the State of Indiana, and Rhodes's claims arise out of those contacts.

10. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the events or omissions giving rise to Rhodes's claim occurred in this District.

## PARTIES

11. Rhodes is a resident of Vanderburgh County Indiana, and has been employed by Defendants as an hourly employee at all relevant times.

12. Rhodes signed a consent form to join this lawsuit. See Exhibit 1.

13. Evansville Asset Care is a for-profit Indiana corporation that is headquartered in Evansville, Indiana.

14. Evansville Asset Care's registered agent for service in Indiana is United States Corporation Agents, Inc., 8520 Allison Pointe Blvd, Suite 220, Indianapolis, IN 46250.

15. Schmitz is also owner and incorporator/member of Evansville Asset Care.

16. Upon information and belief, Schmitz's address is 13915 North St Joseph Ave, Evansville, IN 47720.

## FACTUAL ALLEGATIONS

17. Evansville Asset Care and Schmitz employed Rhodes and other similarly situated employees to perform parking lot cleaning, eviction clean outs, and maintenance repairs for Evansville Asset Care's clients and customers.

18. Evansville Asset Care and Schmitz misclassified Rhodes as an independent contractor and paid him and other non-exempt employees on an hourly basis without any guaranteed, predetermined amount of pay per week.

19. At all relevant times, Evansville Asset Care and Schmitz controlled non-exempt, hourly-paid employees' work schedule, duties, protocols, applications, assignments, and employment conditions.

20. Evansville Asset Care and Schmitz knowingly suffered and permitted non-exempt, hourly-paid employees to work more than forty (40) hours in a regular workweek.

21. Defendants' policies that require work for which non-exempt, hourly-paid employees are not paid include, but are not limited to, the foregoing.

22. The work that Rhodes and other similarly situated employees performed for Evansville Asset Care and Schmitz is compensable under the FLSA because it was required by and benefited Defendants, and because it was integral and indispensable to employees' work duties.

23. In many weeks, Evansville Asset Care and Schmitz failed to pay Rhodes and other similarly situated employees overtime at one and one-half (1.5) times their regular rates of pay even though these employees worked in excess of forty (40) hours during their regular workweeks.

24. Evansville Asset Care and Schmitz knew and/or recklessly disregarded that, in many weeks, Rhodes and other similarly situated employees were not being paid overtime at one and one-half (1.5) times their regular rates of pay even though these employees worked in excess of forty (40) hours during their regular workweeks.

## COLLECTIVE ACTION ALLEGATIONS

25. Rhodes brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA individually on his own behalf and on behalf of:

> All current and former non-exempt, hourly-paid employees who worked for Evansville Asset Care in the United States at any time within the three (3) years preceding the commencement of this action and the date of judgment. (hereinafter referred to as the "Collective").

Rhodes reserves the right to amend this definition as necessary. Notice of the pendency and any resolution of this action can be provided to the proposed Collective Action by mail, email print, and/or publication.

26. Excluded from the proposed Collective are Defendants' executives, administrative and professional employees, including computer professionals and outside salespersons.

27. With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Rhodes under 29 U.S.C. § 216(b). The proposed Collective of employees on behalf of whom Rhodes brings this collective action are similarly situated because (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practice, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

28. The employment relationships between Defendants and every Collective member are the same and differ only in name, assignment, and rate of pay. In addition to these common issues of fact, the proposed Collective possesses several common issues of fact and law, including, but not limited to: (1) whether Defendants violated the FLSA and provisions thereof; and (2) if so, what is the respective amount of uncompensated overtime pay and other recoverable damages owed to each employee

## COUNT I-

### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, et seq. BY EVANSVILLE ASSET CARE

**(Brought Individually and on a Collective Basis Pursuant to 29 U.S.C. § 216(b))**

29. At all times relevant to this action, Evansville Asset Care was an enterprise with annual gross volume of sales made or business done that exceeded $500,000.

30. At all times relevant to this action, Evansville Asset Care was an enterprise that has had employees engaged in commerce or in the production of goods for commerce, and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

31. In addition, Rhodes and the proposed FLSA Collective members were themselves engaged in commerce, and thus subject to individual coverage under the FLSA.

32. At all times relevant to this action, Evansville Asset Care has been an employer of Rhodes and all other similarly situated employees under 29 U.S.C. § 203(d) of the FLSA that is subject to the provisions of 29 U.S.C. §§ 201, et seq.

33. At all times relevant to this action, Schmitz has also been an employer of Rhodes and all other similarly situated employees under 29 U.S.C. § 203(d) of the FLSA who is subject to the provisions of 29 U.S.C. §§ 201, et seq.

34. At all times relevant to this action, Evansville Asset Care and Schmitz "suffered or permitted" Rhodes and other similarly situated employees to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

35. Rhodes and other similarly situated employees regularly worked for Evansville Asset Care and Schmitz in excess of forty (40) hours in a workweek.

36. At all times relevant to this action, Evansville Asset Care and Schmitz suffered and permitted Rhodes and other similarly situated employees to work for Evansville Asset Care in excess of forty (40) hours in many workweeks, but failed to pay these employees the federally mandated overtime compensation for such time.

37. The uncompensated overtime work performed by Rhodes and members of the proposed Collective was an essential part of their jobs and these activities and the time employees spent performing these activities is not *de minimis*.

38. In workweeks where Rhodes and other members and other similarly situated employees worked in excess of forty (40) hours, they should have been paid at the federally mandated rate of one and one-half (1.5) times each employee's regularly hourly wage. 29 U.S.C. § 207.

39. Defendants' violations of the FLSA were knowing, willful and not in good faith. Defendants knew or could have easily determined that it was not properly paying Rhodes and other similarly situated employees overtime pay at the federally mandated rate of one and one-half (1.5) times each employee's regularly hourly wage when they worked excess of 40 hours in a workweek.

40. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages, plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Rhodes seeks the following relief:

A. Certification of this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claim and proposed FLSA Collective set forth herein;

B. An Order requiring Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all Collective members and permitting Rhodes to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

C. Designation of Rhodes as a representative for the FLSA Collective and the undersigned as counsel for the FLSA Collective;

D. Declaration that the Defendants violated the FLSA;

E. Declaration that Defendants' violations of the FLSA were willful;

F. Judgment in favor of Rhodes and the FLSA Collective and an award to Rhodes and the FLSA Collective of the full amount of damages and liquidated damages available by law;

G. Litigation costs, expenses, and attorney's fees;

H.  Incentive awards to Rhodes for serving as the representative of the FLSA Collective; and

I.  All other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff Patrick Rhodes, individually and on behalf of all others similarly situated, by and through his attorneys, hereby demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled cause.

Dated: August 25, 2022

Respectfully submitted,

/s/ Robert A. Hicks

Robert A. Hicks, Attorney No. 2531049

Macey Swanson Hicks & Sauer
429 N. Pennsylvania Street, Suite 204
Indianapolis, IN  46204-1800
Phone: (317) 637-2345
Fax: (317) 637-2369
Email:  rhicks@maceylaw.com

Attorney for Plaintiff